IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GREAT WEST CASUALTY COMPANY, ET AL.                            PLAINTIFFS

v.                                                                       CIVIL ACTION NO. 3:05CV95-SAA

UNITED STATES OF AMERICA                                           DEFENDANT

**MEMORANDUM OPINION**

Defendant United States of America has moved for summary judgment [50]. In accordance with the provisions of 28 U.S.C. § 636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of a final judgment. Therefore, the undersigned has authority to render an opinion regarding this motion for summary judgment. Upon due consideration of the motion, response, reply and record, the court finds that this case is ripe for summary judgment and that the instant motion should be granted.

I.
SUMMARY OF PERTINENT FACTS

The plaintiffs Great West Casualty Company, the insurer, and Tom Miller doing business as Miller Transportation, the insured, brought a negligence suit against the defendant United States of America under the Federal Tort Claims Act. The accident giving rise to this action occurred when a truck owned by Miller Transportation and driven by its employee struck a pothole situated on a gravel portion of Highway 8 owned by the Corps of Engineers at approximately 1:00 a.m. on March 28, 2004. The parties dispute whether the road was posted as being closed to the public, and there are numerous, other factual disagreements.

Pursuant to Rule 26, the plaintiffs submitted initial disclosures and provided a list of itemized damages allegedly resulting from this accident which include "(1) loss of truck: $12,500, (2) towing, storage, and incidental costs: $2,255.13, (3) deductible: $500.00, (4) damages for down time and loss of revenue, (5) other incidental damages and expenses." (Pl.s' Resp. at 10.) The plaintiffs attached the following documents to support these damages:

> [A]n invoice from Parker Brothers, Inc., for $2,255.13; a check for $2,255.13 payable to Parker Brothers, Inc. by Great West; invoices for $2,460.38 and $2,180.13 from Ashmore's Wrecker Service; a signed authorization by Tom Miller for recovery of his $500.00 insurance deductible; a check to Tom Miller in the amount of $12,500.00 from Great West as full and final payment of his collision loss; and a repair estimate showing $13,809.34 for parts, labor, and supplies.

*Id.*[1]

From December of 2005 until the present motion, the plaintiffs seemed disinterested in this action. The defendant brought numerous motions, all of which were granted on the grounds that they were unopposed.[2] One such motion was to limit the plaintiffs' total ad damnum clause demands to the amount of their administrative claim, to which the plaintiffs failed to respond and the court subsequently granted. As a result, the plaintiffs forfeited the damages claimed in their complaint and subsequently identified in their initial disclosures exceeding the amount sought in the administrative claim; thus, the court may award no more than the $10,205.13 worth of actual

---

[1]Plaintiffs continue to assert these damages in the instant response despite the fact that their damages have been limited to the amount of their administrative claim by this court's order of March 24, 2006.

[2]The plaintiffs did not timely file a response to the instant motion for summary judgment until after this court, *sua sponte*, contacted plaintiffs' counsel to obtain a response and extended the plaintiffs' filing deadline. Plaintiffs also failed to respond to discovery propounded upon them by the defendant.

2

damage. The Standard Form 95, or the claim form submitted during the administrative process, simply describes the damages claimed as "damage was to the hood, front suspensions and both side skirts. The vehicle was totalled." (Def.'s Mot. to Limit, Exhibit A.)

More importantly, the plaintiffs failed either to designate any experts by the March 1, 2006, deadline or seek an extension of time within which to file designations or to designate out of time from this court. The defendant then brought the instant summary judgment motion arguing, among other points, that because plaintiffs cannot prove an essential element of their claim, the court should grant judgment in favor of defendant.

The plaintiffs counter that "[t]he defendant in its brief did not offer one piece of evidence to contradict the plaintiffs' damages." (Pls.' Resp. at 10.) This response, of course, wholly fails to take into account that it is the plaintiffs – not the defendant – who bear the burden of proving the essential elements of negligence. It is plaintiffs' position that decisions concerning the sufficiency of evidence are properly relegated to the trial phase as opposed to summary judgment, and they point out that they previously identified within their initial disclosures numerous persons or entities "with knowledge regarding the allegations contained in the Plaintiff's [sic] Complaint" who could testify regarding damages and specifically listed a Great West property damage adjuster, a wrecker service, a repair/storage provider[3] and the owner. They contend that any error in failing to designate these entities and persons as experts constitutes harmless error that would not prejudice the defendant.

---

[3]It is irrelevant to the outcome but confusing that an allegedly "totalled" vehicle was repaired as asserted in page 12 of the plaintiffs' reply regarding repair services rendered by Parker Brothers, Inc.

## II.
## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265 (1986). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.), *cert. denied*, 513 U.S. 1045 (1994); *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable

inferences in favor of the non-moving party. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995); *Matagorda County v. Russell Law*, 19 F.3d 215, 217 (5th Cir. 1994); *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

III.
DISCUSSION

In suits arising under the Federal Tort Claims Act, a federal court must apply the substantive law of the state where the act or omission giving rise to the complaint occurred, *United States v. Muniz*, 374 U.S. 150, 152 (1963), and the parties to the instant suit appear to understand this application given that both parties cited or referred to the substantive state law of Mississippi within the subject motion, response and reply.

A. *Whether State Law Requires Expert Testimony in Order to Prove Damages, an Essential Element of Plaintiff's Negligence Claim.*

Mississippi law of negligence provides that a plaintiff must prove duty, breach, causation and damages by a preponderance of the evidence in order to prevail. *Mississippi Dept. Of Transp. v. Cargile,* 847 So.2d 258 (Miss. 2003). The inability of a plaintiff to prove an essential element of its claim renders a suit ripe for summary judgment. *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988) (internal citations ommitted). A plaintiff's failure to prove an essential element of its claim "renders all other facts immaterial because there

5

is no longer a genuine issue of material fact." *Id.* For instance, the Mississippi Court of Appeals affirmed a lower court's award of summary judgment where the plaintiffs were unable to prove breach in a negligence action due to the fact that the plaintiffs lacked expert testimony on the subject and where breach in that specific instance could be proven by no other means.[4] *Johnson v. Burns-Tutor*, 925 So.2d 155, 158-59 (Miss. App. 2006).

When a plaintiff relies upon the costs of automotive repairs as the measure of damages, the plaintiff must prove that the costs of repairs were reasonable and that the repairs were necessary due to the alleged wrongful act. *Sims v. Collins*, 762 So.2d 785, 790 (Miss. App. 2000) (internal citations omitted). Repair bills alone are insufficient to prove either reasonableness or necessity. *Id.* Only an expert may express an opinion as to the cost of repairs. *See Id.* at 791 (owner was not a mechanic and failed to qualify as an expert; thus, owner was unqualified to express his opinion on the repairs); *see also Bryan Bros. Packing Co. v. Grubbs*, 168 So.2d 289, 292-93 (Miss. 1964) (neither plaintiff nor patrolman qualified as mechanics with knowledge of cost of labor and materials in repairing automobiles, and, therefore, trial court erred in allowing them to testify as to the necessity or reasonableness of repairs and amount of damage suffered by a vehicle, respectively).

When a vehicle is damaged to the extent that the costs of repairs would exceed its fair market value less salvage value, the vehicle is declared a total loss or "totalled." *Newman v. Stuart*, 597 So.2d 609, 611-12 (Miss. 1992); *Scott v. Transport Indem. Co.*, 513 So.2d 889, 895 (Miss. 1987). Thus, "[i]n order to prove that a vehicle is a total loss, one must introduce

---

[4]Clearly federal law controls the summary judgment standard, and this case is merely cited to benefit the parties with an example of a Mississippi state court's application of its substantive law regarding expert testimony to its procedural summary judgment standard.

evidence as to how much it would cost to repair the vehicle after it has been damaged." *Bennett v. Emmco Ins. Co.*, 215 So.2d 518, 521 (La. App. 1968).

The plaintiffs allowed the claim for damages to be confined to those damages asserted in their administrative claim. Standard Form 95 cites only property damage in the amount of $10,205.13 and states that the vehicle was a total loss. No matter what the level of damages claimed, however, to carry their burden as to damages, plaintiffs must offer expert testimony to establish their necessity and reasonableness. Such expert testimony is required to prove either that a total loss indeed occurred to reach the stage where establishing the vehicle's fair market value would become necessary[5] or to recover damages for the cost of repair below a total loss. The plaintiffs, however, failed to designate any expert on the subject. Because expert testimony is required to prove damages, the court thus finds that the plaintiffs cannot establish damages by preponderance of the evidence, an essential element of the action, and, the failure to meet this burden renders all other factual disputes immaterial.

B.  *Whether Failing to Designate an Expert Constitutes Harmless Error.*

Any witness, not just those experts retained or specially employed to provide expert testimony, who will provide expert testimony under Federal Rules of Evidence 702, 703 or 705 at trial must be properly designated. Fed. R. Civ. P. 26 (a)(2)(A); *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004) (internal citations omitted). Generally, when a party fails to designate its expert as directed by the Federal Rules of Civil Procedure and the Uniform Local Rules, the expert is prohibited from testifying at trial. Local Rule 26.1(A)(2)(c) allows an out-of-time expert designation, which the plaintiffs have not requested but would be

---

[5]It is, therefore, irrelevant that the owner may be qualified to give his opinion of the vehicle's value immediately preceding the accident.

required in order to salvage this action, only upon a showing of good cause. The court utilizes the *Campbell* factors when analyzing whether such good cause is present: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (citing *Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989)).

The court is not persuaded by the plaintiffs' assertion that their neglect to designate persons or entities with knowledge regarding damages constitutes harmless error and would not prejudice the defendant. This court, as a matter of judicial economy and in order to protect the integrity of its procedural rules, must enforce the use of expert designation deadlines and corresponding rules. While this result may appear harsh, the court consistently reminds counsel at every case management conference that the expert designation deadline is the last date by which all information relating to an expert witness must be provided to the opposing parties as required by the applicable rules or counsel is at risk of preclusion of this information at trial.

Again, the court considers the *Campbell* factors only as a means of determining whether the court would allow the plaintiffs an out-of-time designation which would be necessary in order for the plaintiffs to meet their burden for proving damages under the substantive law of Mississippi. Assuming without deciding that the plaintiffs are favored by the first and third factors under *Campbell*, they cannot overcome the second and fourth factors. Plaintiffs have not supplied the court with any explanation for their failure to abide by the expert designation rules, and the cruciality of proposed testimony neither constitutes a justification nor otherwise excuses

8

their failure to designate under the third prong. Further, the plaintiffs have essentially failed to prosecute this action since December of 2005, and the defendant would, in fact, be prejudiced were it not granted the remedies it deserves under the Federal Rules of Civil Procedure while it has expended resources in actively defending itself.

The court would also point out that the plaintiffs failed to abide by the most elementary of rules and, for this reason, certainly cannot argue that they legitimately failed to comprehend or possessed some good-faith misunderstanding as to how this court constructs and defines these designation rules. Bolstered by this court's determination that the plaintiffs cannot establish good cause, the court finds that the plaintiffs' failure to designate does not constitute harmless error and would prejudice the defendant which, despite its best efforts, still knows little of the case brought against it.

## V.
## CONCLUSION

The court finds that defendant has successfully demonstrated that the plaintiffs are not entitled to relief due to their inability to prove damages, an essential element of this negligence action, and that no issue of material fact remains that would allow the plaintiffs' claim to survive. Therefore, defendant's motion for summary judgment [50] shall be GRANTED. A final judgment consistent with this opinion will issue forth this day.

This, the 26th day of June, 2006.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE